IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tim D. Waller,

    Plaintiff,

    v.                      Case No. 2:14-cv-2301

Commissioner of
Social Security,

    Defendant.

<u>ORDER</u>

This matter is before the court on plaintiff's application for an award of attorney's fees pursuant to 42 U.S.C. §406(b)(1). Counsel represented plaintiff in this case and in the administrative proceedings which occurred following the remand of this matter to the Commissioner. Plaintiff and counsel entered into a fee agreement which provided that counsel would be paid twenty-five percent of an award of past due benefits. Plaintiff obtained an award of benefits, and the agency withheld the amount of $10,561.50 (twenty-five percent of the total award) for attorney fees. Out of this amount, counsel's office was awarded an administrative fee of $5,000.00 for work at the administrative level. Counsel now seeks the remaining $5,561.50 for attorney fees. He has submitted an itemized billing statement. Counsel indicates that plaintiff supports the payment of fees. The Commissioner has not responded to the motion.

By statute, a court must award "a reasonable fee ... not in excess of 25 per cent of the total past-due benefits." 42 U.S.C. §406(b). A fee award should reflect the purpose of the social security program to provide a measure of economic security to the

recipient, the extent and type of legal services provided, the complexity of the case, the level of skill and competence required of the attorney, the amount of time spent on the case, the results achieved, and the level at which the favorable decision was made. 20 C.F.R. §§404.925(b) and 416.1525(b).  Moreover, a fee agreement between a recipient and his counsel "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989).  Deductions are permissible when there is improper conduct or ineffectiveness of counsel or when counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or minimal effort expended in the matter. *Hayes v. Sec'y of Health & Human SErvs.*, 923 F.2d 418, 421 (6th Cir. 1990).  "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* unreasonable." *Id.* at 422.  In the final analysis, an award must be "reasonable for the services rendered." *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002).

Upon consideration of all the appropriate factors, the court concludes that the requested fee is reasonable.  Plaintiff has signed a contingency fee agreement, and the requested fees are consistent with that agreement.  The requested fee does not reflect a rate of compensation more than twice the standard rate.  It cannot be said that plaintiff's counsel was ineffective or expended minimal effort in this case; to the contrary, his work in this case resulted in the remand of this matter to the Commissioner for further administrative proceedings, in which benefits were awarded to plaintiff.

The motion (Doc. 23) for an award of attorney fees pursuant to §406(b) is granted.  Counsel is hereby awarded attorney fees in the

amount of $5,561.50, consisting of the funds still withheld by the Social Security Administration for the payment of attorney fees.

Date: September 18, 2017         s/James L. Graham
                                 James L. Graham
                                 United States District Judge